UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20802-Civ-COOKE/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff

vs.

JOSE GOMEZ,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS CASE is before me on the United States of America's ("Plaintiff") Motion for Summary Judgment. ECF No. 22. I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided, Plaintiff's Motion is granted.

## I. BACKGROUND

Plaintiff seeks to revoke and set aside the order admitting Jose Gomez ("Defendant") to citizenship and to cancel his certificate of naturalization. Compl. to Revoke Naturalization, ECF No. 1. On November 3, 2012, Plaintiff filed a Motion for Summary Judgment, arguing that the undisputed facts show that Defendant obtained his United States citizenship illegally and by willful misrepresentation and concealment, thus warranting denaturalization. Mot. for Summ J. 1, ECF No. 22. On November 26, 2012, Defendant filed a Response, ECF No. 23. Plaintiff replied, ECF No. 26.

The parties have agreed on the following facts. Defendant was born in Cuba in 1955. Pl.'s Stat. ¶ 1; Def.'s Stat. ¶ 1. In 1975, Defendant became a permanent resident of the United States. Pl.'s Stat. ¶ 1; Def.'s Stat. ¶ 1. On March 7, 2002, Defendant filed a form N-400 Application for Naturalization with the former Immigration and Naturalization Service ("INS"). Pl.'s Stat. ¶ 6; Def.'s Stat. ¶ 6. Part 10, question 15 of the N-400 form asked if Defendant had ever committed a

crime or offense for which he was not arrested. Pl.'s Stat. ¶ 7; Def.'s Stat. ¶ 7. Defendant answered "No" to this question. Pl.'s Stat. ¶ 7; Def.'s Stat. ¶ 7. Part 10, question 22c of the form asked if Defendant had ever sold or smuggled controlled substances, illegal drugs, or narcotics. Pl.'s Stat. ¶ 8; Def.'s Stat. ¶ 8. Defendant answered "No" to this question. Pl.'s Stat. ¶ 8; Def.'s Stat. ¶ 8.

On July 2, 2003, Lydia Perez, an officer with the former INS, personally interviewed Defendant regarding his naturalization application to determine his eligibility for naturalization. Pl.'s Stat .¶ 9; Def.'s Stat. ¶ 9. At the beginning of the interview, Officer Perez placed Defendant under oath. Pl.'s Stat. ¶ 10; Def.'s Stat. ¶ 10. During the interview, Officer Perez asked Defendant whether he had ever committed a crime or offense for which he was not arrested. Pl.'s Stat. ¶ 11; Def.'s Stat. ¶ 11. In response, Defendant testified under oath that he had not. Pl.'s Stat. ¶ 6; Def.'s Stat. ¶ 6.

On July 2, 2003, based on Defendant's testimony at his naturalization interview, the INS approved his naturalization application. Pl.'s Stat. ¶ 14; Def.'s Stat. ¶ 14. On July 29, 2003, Gomez took the oath of allegiance to the United States. Pl.'s Stat. ¶ 14; Def.'s Stat. ¶ 14. The INS admitted him as a United States citizens and issued him certificate of naturalization No. 27 237 233. Pl.'s Stat. ¶ 14; Def.'s Stat. ¶ 14.

On February 22, 2008, Defendant pled guilty to a conspiracy to import 285 kilograms of cocaine in violation of 21 U.S.C. § 963. Pl.'s Stat. ¶ 3; Def.'s Stat. ¶ 3. Pursuant to the Stipulated Factual Proffer, Defendant acknowledged that the crime was committed on December 10, 2002. Stipulated Factual Proffer, ECF 22-4; *see also* Pl.'s Stat. ¶ 3; Def.'s Stat. ¶ 3. He was convicted in the Southern District of Florida and sentenced to 48 months incarceration and three years of supervised released. Pl.'s Stat. ¶ 6; Def.'s Stat. ¶ 6.

Defendant denies having conspired to import cocaine and argues that his plea was procured illegally because his attorney did not advise him of the immigration consequences. Def.'s Stat. ¶¶

3-4. Defendant also alleges that he was truthful during his naturalization application because he never committed any crime and answered the questions to the best of his knowledge. Def.'s Stat. ¶¶ 12; 13; 16.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

"The party moving for summary judgment 'bears the initial responsibility of informing the district court of the basis for its motion.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986)). Once the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings. *Id*. at 1315. Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

When the non-moving party bears the burden of persuasion at trial, the party moving for summary judgment may satisfy Rule 56's burden of production by either (i) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," or (ii) demonstrating to the court that "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex*, 477 U.S. at 331. "If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id*.

## II.  ANALYSIS

The right to acquire United States citizenship is "precious and coveted and its successful exercise rarer than many aspirants would hope for." *United States v. Jean-Baptiste*, 395 F.3d 1190, 1191 (11th Cir. 2005) (citing *Fedorenko v. United States*, 449 U.S. 490, 505 (1981)).  When the government seeks to strip citizenship from one who has acquired it, denaturalization proceedings can have severe and unsettling consequences.  *Id.*  Accordingly, to prevail in a denaturalization proceeding, the government must prove its case "by clear, unequivocal and convincing evidence which does not leave the issue in doubt."  *Klapprott v. United States*, 335 U.S. 601, 612 (1949); *Jean-Baptiste*, 395 F.3d at 1192.  "This burden is substantially identical with that required in criminal cases-proof beyond a reasonable doubt."  *See Klapprott*, 335 U.S. at 612.

Pursuant to 8 U.S.C. § 1451(a), Congress authorized the government to seek denaturalization if the naturalized citizen either illegally procured naturalization or procured naturalization by concealment of a material fact or by willful misrepresentation.  8 U.S.C.A. § 14519(a).  When the government has met his burden of proving that a naturalized citizen obtained his citizenship illegally or by willful misrepresentation of material facts, a district court has no equitable discretion to refrain from entering a judgment of denaturalization.  *Fedorenko*, 449 U.S. at 517.

    **A. Count I: Illegal Procurement of Citizenship Because the Commission of a Controlled Substance Crime Precluded Defendant's Ability to Demonstrate the Requisite of Good Moral Character.**

To be naturalized, a person must be of good moral character during the five years immediately preceding his or her application for citizenship.  8 U.S.C. § 1427.  Accordingly, Defendant was required to be a person of good moral character from March 7, 1997 through July 29, 2003, the date of his oath.  *See id.*

Pursuant to 8 U.S.C. 1101(f)(3), an alien lacks good moral character if, during the statutory period, he commits a controlled substance crime, to which he admits, or of which he is later convicted. *See* 8 U.S.C. 1101(f)(3); *see also United States v. Suarez*, 664 F.3d 655, 659 (7th Cir. 2011) ("[I]f the offense was committed during the statutory period when an applicant must possess good moral character, and the applicant is convicted of that offense, the applicant is statutorily barred from a finding of good moral character *no matter when the conviction occurs*"). A "conviction" includes a guilty plea. *See* 8 U.S.C. 1101(a)(48)(A).

The parties do not dispute that Defendant pled guilty to a conspiracy to import cocaine in violation of 21 U.S.C. § 963, the Controlled Substances Import and Export Act. Pl.'s Stat ¶ 3; Def.'s Stat. ¶ 3. Defendant, however, argues that he never committed this crime and would not have taken the plea if his counsel had advised him of the immigration consequences. Def.'s Stat. ¶¶ 3-4.

Defendant relies on *Padilla v. Kentucky* to support his argument that he can collaterally attack his conviction for conspiracy to import cocaine. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1477 (2010). In *Padilla*, the Supreme Court held that a counsel's alleged failure to correctly advise a noncitizen defendant of the deportation consequences of his guilty plea amounted to constitutionally deficient assistance of counsel. *Padilla*, 130 S. Ct. at 1486-87.

However, Defendant cannot collaterally attack his criminal conviction in immigration cases. *See Taylor v. United States*, 396 F.3d 1322 (11th Cir. 2005) (finding that an alien seeking habeas relief from removal order could not collaterally attack, in the habeas proceeding, a state court conviction underlying the Board of Immigration Appeals' removability determination, even if he was not advised of the immigration consequences of his pleading guilty in the state court proceeding); *see also Navarro v. Holder*, 840 F. Supp. 2d 1331, 1337 (S.D. Fla. 2012) (citing *Padilla* and finding that the petitioner's request that the Court find his guilty plea constitutionally

5

deficient amounted to a collateral attack on his earlier conviction and could not be made in an immigration matter).

Even if Defendant could collaterally attack his conviction, he would be unsuccessful. This is because prior to *Padilla*, during the time in which Defendant pled guilty to the underlying controlled substance offense, the rule in the Eleventh Circuit was that a counsel's failure to advise a client of the possible immigration consequences from his guilty plea did not amount to ineffective legal assistance. *United States v. Campbell*, 778 F.2d 764, 766 (11th Cir. 1985). Additionally, Defendant would have to show that "but for" his counsel's ineffective assistance, he would not have pled guilty. *Padilla*, 130 S. Ct. at 1485. Considering the fact that Defendant was facing a life sentence, it is very unlikely, and Defendant has not demonstrated his likelihood, that Defendant would have elected to go to trial and turned down the four year sentence offered in his plea. Accordingly, Defendant cannot establish that going to trial would have been a rational choice, and thus that he was prejudiced by the ineffective assistance of his counsel. *Padilla*, 130 S. Ct. at 1483.

It is undisputed that Defendant pled guilty in February 2008. However, *Padilla* was not law until 2010. The Supreme Court has held that *Padilla* did not apply retroactively. *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013) (holding that defendants whose convictions became final prior to *Padilla* could not benefit from its holding). Defendant, therefore, cannot collaterally attack his criminal conviction based on the ineffective assistance of counsel.

Plaintiff argues, and I agree, that Defendant cannot attack his criminal conviction because the doctrine of collateral estoppel applies. "Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit." *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1317 (11th Cir. 2003). For collateral estoppel to apply: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of

the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding." *Id.*

Here, the issue of whether Defendant conspired to import cocaine was the object of his criminal conviction and also is at stake in this denaturalization suit. This issue was litigated and resulted in the guilty plea in the criminal proceedings. For purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits. *See Blohm v. C.I.R.*, 994 F.2d 1542, 1554 (11th Cir. 1993) (citing *United States v. Killough*, 848 F.2d 1523, 1528 (11th Cir.1988)). Defendant had a fair opportunity to defend his case in the criminal proceedings. Accordingly, Defendant is now estopped from denying the facts underlying his 2008 conviction.

Furthermore, the existence of the conviction alone precludes a finding of good moral character. The facts underlying Defendant's conviction are not necessary to the denaturalization determination. *See* 8 U.S.C. §1101(f)(3) (precluding a finding of good moral character for persons who are either convicted or admit the commission of certain crimes as long as the crime took place during the statutory period).

Pursuant to his plea, Defendant committed the conspiracy to import cocaine on December 10, 2002, therefore during the statutory period. Pl.'s Stat ¶ 3; Def.'s Stat. ¶ 3; *see also* Stipulated Factual Proffer. His conviction for this crime precluded him to establish good moral character. *See* 8 U.S.C. §1101(f)(3). Accordingly, I find that Defendant illegally procured his citizenship and Plaintiff is entitled to a judgment as a matter of law.[1]

---

[1] Even if 8 U.S.C. §1101(f)(3) did not apply, the crime committed by Defendant would still fall under the catch-all provision of the last section of 8 U.S.C. §1101(f).

### B. Count II: Illegal Procurement of Citizenship Because the Commission of a Crime Involving Moral Turpitude Precluded Defendant's Ability to Demonstrate the Requisite of Good Moral Character.

Pursuant to 8 U.S.C. § 1182(a)(2), which is referenced in 8 U.S.C. § 1101(f)(3), aliens who are inadmissible for citizenship based on criminal and related grounds include those who commit or conspire to commit a crime of moral turpitude. *Jean-Baptiste*, 395 F.3d at 1193. Drug Trafficking crimes are crimes of moral turpitude. *See id.* Accordingly, Defendant's commission of a drug trafficking offense during the statutory period constitutes a crime of moral turpitude, thus warranting denaturalization.

### C. Count IV: Illegal Procurement of Citizenship Because Defendant Committed Unlawful Acts that Adversely Reflected on his Moral Character.

Pursuant to 8 U.S.C. § 316.10(b)(3)(iii), unless an alien can show extenuating circumstances, he shall be found to lack good moral character if he committed unlawful acts that adversely reflect upon his character. The unlawful acts underlying Defendant's conviction are inherently immoral and adversely reflect upon his character, thus warranting denaturalization. *Jean-Baptiste*, 395 F.3d at 1194 (finding that a conspiracy to distribute cocaine was an unlawful act that adversely reflected upon the appellant's moral character and precluded him, pursuant to 8 U.S.C. § 316.10(b)(3)(iii), from acquiring citizenship).

Defendant argues that there are extenuating circumstances because there is no evidence he committed the crime beyond the words of a convicted felon, who linked him to the crime. Resp. to Mot. for Summ J. 9. However, the extenuating circumstances must pertain to the reasons showing lack of good character. *Jean-Baptiste*, 395 F.3d at 1195. Extenuating circumstances are those which render a crime less reprehensible than it otherwise would be, or tend to palliate or lessen the defendant's guilt. *Suarez*, 664 F.3d at 662. Defendant offered no such extenuating circumstances. The evidence that he committed the conspiracy, or lack thereof, does not excuse his conduct or

mitigate his guilt. Therefore, denaturalization is warranted on the ground that Defendant committed unlawful acts that adversely reflected on his character.

Accordingly, Plaintiff has shown by clear, convincing, and unequivocal evidence that Defendant illegally procured his citizenship because he lacked the good moral character required for naturalization.

Because I find that Defendant illegally procured his citizenship because he lacked the requisite good moral character, I do not need to address whether Defendant gave false testimony (Count III) or willfully misrepresented or concealed his criminal actions (Count V).

### IV. CONCLUSION

Accordingly, it is **ORDERED and AJUDGED** as follows:

1. Plaintiff's Motion for Summary Judgment, ECF No. 22, is **GRANTED.**

2. Defendant's, Jose Gomez, naturalization is hereby **revoked and set aside**.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions, if any, are denied as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of May 2013.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*